IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| JAMES YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ST. JOHN, a Municipal Corporation, | ) ) | Cause No: |
| | ) | |
| Serve: Mayor Tom Halaska | ) | |
|         8944 St. Charles Rock Road, #100 | ) | |
|         St. Louis, MO 63114 | ) | |
| | ) | |
| and | ) | Division No: |
| | ) | |
| JOHN MORRIS, in his official and individual duties, | ) ) | |
| | ) | |
| Serve: 8944 St. Charles Rock Road, #100 | ) | **JURY TRIAL DEMANDED** |
|         St. Louis, MO 63114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHAD RACKERS, DSN# 169 in his official and individual duties | ) ) | |
| | ) | |
| Serve: 8944 St. Charles Rock Road, #100 | ) | |
|         St. Louis, MO 63114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ST. JOHN POLICE OFFICER, JOHN DOE, DSN# 2J199, in his official and individual duties, | ) ) ) | |
| | ) | |
| Serve: 8944 St. Charles Rock Road, #100 | ) | |
|         St. Louis, MO 63114 | ) | |
| | ) | |
| and | ) | |

ST. JOHN POLICE OFFICER JOHN DOE, )
2, DSN# 2J184, in his official and )
individual duties, )
 )
Serve:  8944 St. Charles Rock Road, #100 )
           St. Louis, MO 63114 )
 )
and )
 )
POLICE OFFICER MATT )
BARTHELMASS, DSN# 2J92, in his )
official and individual duties, )
 )
Serve:  8944 St. Charles Rock Road, #100 )
           St. Louis, MO 63114 )
 )
and )
 )
POLICE OFFICER )
BENJAMIN FISCHER )
DSN# 2J21, in his official and )
individual duties, )
 )
Serve:  8944 St. Charles Rock Road, #100 )
           St. Louis, MO 63114 )
 )
and )
 )
POLICE OFFICER DAVID MAAS, )
DSN#2W91, in his official and )
individual duties, )
 )
Serve:  8944 St. Charles Rock Road, #100 )
           St. Louis, MO 63114 )
 )
and )
 )
POLICE OFFICER )
RANDY VONCLOEDT, )
DSN#2R31,    in his official and )
individual duties, )
 )
Serve:  8944 St. Charles Rock Road, #100 )
           St. Louis, MO 63114 )
 )

and                                                                )
                                                                   )
POLICE OFFICER TRAVIS BROWN,                                       )
DSN#6263, in his official and                                      )
individual duties,                                                 )
                                                                   )
Serve:  8944 St. Charles Rock Road, #100                           )
        St. Louis, MO 63114                                        )
                                                                   )
and                                                                )
                                                                   )
POLICE OFFICER ERICA FRICK                                         )
DSN#2824, in her official and                                      )
individual duties,                                                 )
                                                                   )
Serve:  8944 St. Charles Rock Road #100                            )
        St. Louis, MO 63144                                        )
                                                                   )
and                                                                )
                                                                   )
ST. JOHN POLICE OFFICER JOHN DOE,                                  )
DSN# 2J204,  in his official and                                   )
individual duties,                                                 )
                                                                   )
Serve:  8944 St. Charles Rock Road, #100                           )
        St. Louis, MO 63114                                        )
                                                                   )
and                                                                )
                                                                   )
ST. JOHN POLICE OFFICER                                            )
MICHAEL MERTZ,  DSN# 2J149,                                        )
in his official and individual duties,                             )
                                                                   )
Serve:  8944 St. Charles Rock Road, #100                           )
        St. Louis, MO 63114                                        )
                                                                   )
and                                                                )
                                                                   )
ST. JOHN POLICE OFFICER YATES,                                     )
DSN# 2J149, in his official and                                    )
individual duties,                                                 )
                                                                   )
Serve:  8944 St. Charles Rock Road, #100                           )
        St. Louis, MO 63114                                        )
                                                                   )
and                                                                )

|  |  |
|---|---|
| ST. JOHN POLICE OFFICER<br>N. MITCHELL, DSN# 2J186,<br>in his official and individual duties,<br><br>Serve: 8944 St. Charles Rock Road, #100<br>        St. Louis, MO 63114<br><br>and<br><br>ST. JOHN POLICE OFFICER<br>LT. TIM HEIMANN, DSN# 2J163,<br>in his official and individual duties,<br><br>Serve: 8944 St. Charles Rock Road, #100<br>        St. Louis, MO 63114<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PETITION**

COMES NOW Plaintiff, by and through his undersigned attorneys, and for his Petition against Defendants, states as follows:

1. At all times relevant, Plaintiff James Young (hereinafter "Plaintiff") was a resident of the City of St. John, State of Missouri.

2. At all times relevant, Defendant the City of St. John, Missouri (hereinafter "City"), is a municipal corporation organized and existing under the laws of the State of Missouri. The City of St. John operates the St. John Police Department (hereinafter "Department").

3. At all times relevant, Defendant John Morris (hereinafter "Morris") was at all times relevant a City police officer and Chief of Police. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities.

4. At all times relevant, Defendant Chad Rackers (hereinafter "Rackers") was at all times relevant a City police officer and Captain. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities.

5. At all times relevant, Defendant Police Officer Doe, DSN 2J199, (hereinafter, DOE 2J199) was a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities for his conduct at Plaintiff's home on March 11, 2016 in which he participated in the beating and tasing of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency.

6. At all times relevant, Defendant Police Officer Doe, DSN 2J184, (hereinafter, DOE 2J184) was a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct at Plaintiff's home on March 11, 2016 in which he participated in the beating and tasing of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency.

7. At all times relevant, Defendant Police Officer Matt Barthelmass, DSN# 2J92 (hereinafter, Barthelmass), was a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct at Plaintiff's home on March 11, 2016 in which he participated in the beating and tasing of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency.

8. At all times relevant, Defendant Police Officer Benjamin Fischer DSN# 2J21 (hereinafter, Fischer), was a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct at Plaintiff's home on March 11, 2016 in which he participated in the beating and tasing

Electronically Filed - St Louis County - March 11, 2021 - 06:07 PM

of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency.

9. At all times relevant, Defendant Police Officer David Maas, DSN#2W91, (hereinafter, Maas) was a police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct at Plaintiff's home on March 11, 2016 in which he participated in the beating and tasing of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency.

10. At all times relevant, Defendant Police Officer Randy Voncloedt, DSN #2R31 (hereinafter, Voncloedt), was a police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct at Plaintiff's home on March 11, 2016 in which he participated in the beating and tasing of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son  while Plaintiff was suffering from a medical emergency.

11. At all times relevant, Defendant Police Officer Travis Brown DSN #6263 (hereinafter, Brown), was a police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct at Plaintiff's home on March 11, 2016 in which he participated in the beating and tasing of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency .

12. At all times relevant, Defendant Police Officer Erica Frick, DSN #2824 (hereinafter, Frick) was a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct

at Plaintiff's home on March 11, 2016 in which he participated in the beating and tasing of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency.

13. At all times relevant, Defendant Police Officer Doe, DSN 2J204, (hereinafter, DOE 2J204) was a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities for his conduct at Plaintiff's home on September 2, 2016 in which he participated in the beating of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency.

14. At all times relevant, Defendant Police Officer Michael Mertz, DSN #2J149 (hereinafter, Mertz), was a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct at Plaintiff's home on September 2, 2016 in which he participated in the beating Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency.

15. At all times relevant, Defendant Police Officer Yates, DSN #2J149 (hereinafter, Yates), was a police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct at Plaintiff's home on December 22, 2016 in which he participated in the beating and tasing of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency.

16. At all times relevant, Defendant Police Officer N. Mitchell, DSN #2J186 (hereinafter, Mitchell), was a police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct

at Plaintiff's home on December 22, 2016 in which he participated in the beating and tasing of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency .

17. At all times relevant, Defendant Police Officer Lt. Tim Heinmann, DSN #2J163 (hereinafter, Heinmann) was a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities capacities for his conduct at Plaintiff's home on December 22, 2016 in which he participated in the beating and tasing of Plaintiff, or failed to prevent it in front of Plaintiff's six year old son while Plaintiff was suffering from a medical emergency.

18. This action is brought pursuant to state law and 42 U.S.C. Sections 1983 and 1988.

19. Venue is proper in this Court as the acts or omissions giving rise to the claim occurred in St. Louis County.

## GENERAL ALLEGATIONS

20. At all times relevant, Defendants knew Plaintiff was a diabetic who had difficulty controlling his blood sugar levels, a condition known as Hypoglycemia.

21. At all times relevant, Defendants knew when his blood sugar levels dropped to a certain level, he would need medical care because of his condition.

22. At all times relevant, Defendants knew on several prior occasions, EMS was called to his home to address his condition and raised his blood sugar level, allowing him to recover from the side-effects of Hypoglycemia which caused unconsciousness and confusion.

23. At all times relevant, Defendants knew Plaintiff had been combative on a prior occasion when he was recovering from the side effects of Hypoglycemia.

24. At all times relevant, Defendants knew Plaintiff did not pose a threat and was the victim of his medical condition.

25. On March 11, 2016 Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, and Frick entered Plaintiff's home with paramedics to address Plaintiff's medical condition.

26. On March 11, 2016, knowing of Plaintiff's medical condition, Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, and Frick used excessive force by beating and tasing Plaintiff in front of his six year old son, while cursing at him and did not record the use of a taser in violation of City and Department policy and procedure.

27. On September 2, 2016 Defendants DOE 2J204 and Mertz, entered Plaintiff's home with paramedics to address Plaintiff's medical condition.

28. On September 2, 2016, knowing of Plaintiff's medical condition, Defendants DOE 2J204 and Mertz used excessive force by beating Plaintiff in front of his six year old son.

29. On December 22, 2016 Defendants Yates, Mitchell and Heinmann entered Plaintiff's home with paramedics to address Plaintiff's medical condition.

30. On December 22, 2016, knowing of Plaintiff's medical condition, Defendants Yates, Mitchell and Heinmann used excessive force by beating and tasing Plaintiff in front of his six year old son, and did not follow the proper procedure for use of a taser in violation of City and Department policy and procedure.

## COUNT I

### EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS FOR MARCH 11, 2016

31. Plaintiff incorporates the preceding paragraphs 1 – 30 of this Petition as if set forth fully herein.

32. On or about March 11, 2016 Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, and Frick hit, struck, beat, kicked, stomped on and tased Plaintiff while he was suffering from a medical condition in his home.

33. The use of force by Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, and Frick was excessive because it was unreasonable in light of the circumstance and clearly in excess of any force required to be used against Plaintiff.

34. The forced used by Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, and Frick was not reasonable in light of the facts and/or circumstances confronting them at the time they used such force against Plaintiff in that the application of such force was not needed under the circumstances then confronting the officers, the amount of force was excessive in light of the need for the use of force, and/or the injury inflicted was extensive.

35. A reasonable officer on the scene would not have used such force against Plaintiff under the same or similar circumstances.

36. Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, and Frick were acting on color of state law at all times relevant.

37. As a direct and proximate result of the excessive use of force by Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, and Frick and other unknown officers against Plaintiff, he suffered and will continue to suffer physical and emotional injuries

and has suffered and will continue to suffer pain of the body and mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

WHEREFORE, Plaintiff prays for judgment against Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, and Frick, in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended and for such further relief this Court deems just and proper.

## COUNT II

### EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS FOR SEPTEMBER 2, 2016

38. Plaintiff incorporates the preceding paragraphs 1-30 of this Petition as if set forth fully herein.

39. On or about September 2, 2016, Defendants DOE 2J204 and Mertz hit, struck, beat and/or kicked Plaintiff while he was suffering from a medical condition in his home.

40. The use of force by Defendants DOE 2J204 and Mertz was excessive because it was unreasonable in light of the circumstance and clearly in excess of any force required to be used against Plaintiff.

41. The forced used by Defendants DOE 2J204 and Mertz was not reasonable in light of the facts and/or circumstances confronting them at the time they used such force against Plaintiff in that the application of such force was not needed under the circumstances then confronting the officers, the amount of force was excessive in light of the need for the use of force, and/or the injury inflicted was extensive.

42. A reasonable officer on the scene would not have used such force against Plaintiff under the same or similar circumstances.

43. Defendants DOE 2J204 and Mertz were acting on color of state law at all times relevant.

44. As a direct and proximate result of the excessive use of force by Defendants DOE 2J204 and Mertz against Plaintiff, he suffered and will continue to suffer physical and emotional injuries and has suffered and will continue to suffer pain of the body and mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

WHEREFORE, Plaintiff prays for judgment against Defendants DOE 2J204 and Mertz, in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended and for such further relief this Court deems just and proper.

## COUNT III

### EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS FOR DECEMBER 22, 2016

45. Plaintiff incorporates the preceding paragraphs 1-30 of this Petition as if set forth fully herein.

46. On or about December 22, 2016, Defendants Yates, Mitchell and Heinmann hit, struck, beat, kicked and tased Plaintiff while he was suffering from a medical condition in his home.

47. The use of force by Defendants Yates, Mitchell and Heinmann was excessive because it was unreasonable in light of the circumstance and clearly in excess of any force required to be used against Plaintiff.

48. The forced used by Defendants Yates, Mitchell and Heinmann was not reasonable in light of the facts and/or circumstances confronting them at the time they used such force against Plaintiff in that the application of such force was not needed under the circumstances then

confronting the officers, the amount of force was excessive in light of the need for the use of force, and/or the injury inflicted was extensive.

49. A reasonable officer on the scene would not have used such force against Plaintiff under the same or similar circumstances.

50. Defendants Yates, Mitchell and Heinmann were acting on color of state law at all times relevant.

51. As a direct and proximate result of the excessive use of force by Defendants Yates, Mitchell and Heinmann against Plaintiff, he suffered and will continue to suffer physical and emotional injuries and has suffered and will continue to suffer pain of the body and mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

WHEREFORE, Plaintiff prays for judgment against Defendants Yates, Mitchell and Heinmann in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended and for such further relief this Court deems just and proper.

## COUNT IV

### NEGLIGENT SUPERVISION AGAINST DEFENDANTS CITY, MORRIS AND RACKERS

52. Plaintiff incorporates the preceding paragraphs 1-30 of this Petition as if set forth fully herein and pleads the following count in the alternative.

53. Defendants City, Morris and Rackers knew or should have known they had the right and duty to train and supervise Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, Frick, DOE 2J204, Mertz, Yates, Mitchell and Heinmann.

54. At all relevant times, Defendants City, Morris and Rackers were responsible for supervising and/or overseeing Defendant Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, Frick, DOE 2J204, Mertz, Yates, Mitchell and Heinmann.in

positions that would bring them into direct contact with City residents, including Plaintiff. Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, Frick, DOE 2J204, Mertz, Yates, Mitchell and Heinmann's actions and/or omissions detailed herein, arose out of and were performed in connection with their official duties on behalf of the City.

55. At all relevant times, Defendants City, Morris and Rackers were responsible for creating and implementing policies and procedures to protect the City's residents, from harm and to ensure their rights were not violated, including the use of improper force, during foreseeable non-criminal events, such as medical emergencies at their homes.

56. At all relevant times, Defendants City, Morris and Rackers failed in their duties, among other things, in the following particulars:

(a) failing to adequately train City police officers to address medical emergencies;

(b) failing to adequately train City police officers in the proper use of force;

(c) failing to adequately train City police officers in the proper use and documentation of City provided tasers;

(d) failing to create and implement policies and procedures for medical emergencies;

(e) failing to adequately supervise City police officers during medical emergenices;

(f) failing to adequately supervise City police officers in the proper use and documentation of City provided tasers;

(g) failing to follow or ensure City ordinances were properly followed regarding the proper use of nuisance letters; or

(h) failing to follow or ensure arrests, tickets or charges for alleged City ordinance violations were handed out only for the alleged violation of the alleged City ordinance violated and not for secondary or improper purposes.

57. As a direct and proximate result of the negligence of Defendants City, Morris and Racker in failing to supervise Defendants DOE 2J199, DOE 2J184, Barthelmass, Fischer, Mass, Voncloedt, Brown, Frick, DOE 2J204, Mertz, Yates, Mitchell and Heinmann, he suffered and will continue to suffer physical and emotional injuries and has suffered and will continue to suffer pain of the body and mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

WHEREFORE, Plaintiff prays for judgment against Defendants City, Morris and Rackers in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended and for such further relief this Court deems just and proper.

        **O'LEARY, SHELTON, CORRIGAN,**
        **PETERSON, DALTON & QUILLIN, LLC**

By    */s/James D. O'Leary*
        James D. O'Leary    #45964
        1034 S. Brentwood Blvd.
        Penthouse-1A, 23rd Floor
        St. Louis, MO 63117
        314/405-9000 telephone
        314/405-9999 facsimile
        oleary@osclaw.com
        *Attorneys for Plaintiff*

Electronically Filed - St Louis County - March 11, 2021 - 06:07 PM